# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MERRILL BROWNING, | : | Civil No. 1:21-CV-1295 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is James Merrill Browning's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons that follow, Browning's petition will be summarily dismissed without prejudice.

### BACKGROUND

Petitioner James Merrill Browning ("Petitioner"), a self-represented individual presently incarcerated at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed the instant § 2254 petition on July 23, 2021.  (Doc. 1.)  He also seeks leave to proceed *in forma pauperis* in this matter.  (Docs. 4, 6.) The court received a certified copy of Petitioner's inmate trust fund account statement on August 26, 2021.  (Doc. 12.)

Petitioner was arrested on July 18, 2020 by the Pottsville Police Department and charged with various drug offenses including possession with intent to deliver

a controlled substance.[1]  Following an April 2021 jury trial before the Schuylkill County Court of Common Pleas, Pennsylvania, Petitioner was found guilty of possession with intent to deliver and other possession charges. [2]  Prior to sentencing, Browning filed a petition for post-conviction collateral relief.  The trial court denied the petition without prejudice on May 13, 2021.  On May 25, 2021, Petitioner was sentenced to an aggregate term of 5 to 10 years' imprisonment. (*Id*.)  On June 2, 2021, Brown filed a second petition for post-conviction collateral relief, this motion was also dismissed without prejudice.  (*Id*.)  On June 14, 2021, Browning, with the assistance of counsel, filed a notice of appeal to the Superior Court of Pennsylvania.[3]  Browning's direct appeal status is noted as "active".

## STANDARD OF REVIEW

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The court is required to dismiss a habeas petition "[i]f it plainly appears from the

---

[1] The court takes judicial notice of the magisterial district justice docket in *Commonwealth v. Browning*, MJ-21307-CT-000039-2020, available through Pennsylvania's Unified Judicial Docket System at https://ujsportal.pacourts.us/  (last visited on Nov. 1, 2021).

[2] The court takes judicial notice of Petitioner's state court criminal docket, *Commonwealth v. Browning*, CP-54-CR-0001499-2020, available through Pennsylvania's Unified Judicial Docket System at https://ujsportal.pacourts.us/  (last visited on Nov. 1, 2021).

[3] The court takes judicial notice of the docket in Petitioner's appeal to the Superior Court of Pennsylvania, *Commonwealth v. Browning*, 758 MDA 2021 (Pa. Super.), available through Pennsylvania's Unified Judicial Docket System at https://ujsportal.pacourts.us/  (last visited on Nov. 1, 2021).

petition and any attached exhibits that the petitioner is not entitled to relief."  28

U.S.C. § 2254, Rule 4.  This court has discretion to raise procedural issues, such as

exhaustion of state court remedies, in habeas cases, and may do so *sua sponte*.  *See*

*Sweger v. Chesney*, 294 F.3d 506, 520–21 (3d Cir. 2002).

In addition to the petition and attached exhibits, a federal habeas court may

take judicial notice of state court records, as well as its own records.  *See Minney v.*

*Winstead*, No. 2:12-CV-1732, 2013 WL 3279793, at *2 (W.D. Pa. Jun. 27, 2013);

*see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).  Thus,

when reviewing the instant petition, the court has taken judicial notice of

Petitioner's criminal and appellate proceedings in the Pennsylvania state courts.

## DISCUSSION

A federal court may not grant a writ of habeas corpus on a claim brought by

an individual in custody pursuant to a state court judgment unless: (1) "the

applicant has exhausted the remedies available in the courts of the State;" (2)

"there is an absence of available State corrective process;" or (3) "circumstances

exist that render such process ineffective to protect the rights of the applicant." 28

U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871

F.3d 221, 227 (3d Cir. 2017).  Section 2254(c) provides that "[a]n applicant shall

not be deemed to have exhausted the remedies available in the courts of the State,

within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Thus, when a state prisoner has failed to exhaust the legal remedies available to

him in the state courts, federal courts will typically refuse to entertain a petition for

writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the

petitioner who bears the burden of establishing the exhaustion requirement has

been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are

presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

To satisfy the exhaustion requirement, a petitioner must invoke "one complete

round" of the applicable state's appellate review process, thereby giving the courts

of that state "one full opportunity" to resolve any issues relevant to such claims.

*Id*. at 845 (holding that a petitioner must present every claim raised in the federal

petition to the state's trial court, intermediate appellate court, and highest court

before exhaustion is considered satisfied). In Pennsylvania, the exhaustion

requirement is satisfied if a federal claim is "fairly presented" to the Superior Court

of Pennsylvania, either on direct appeal from a state criminal conviction or on

appeal from a PCRA court's denial of post-conviction relief. *See Lambert v.*

*Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State*

*Remedies in Criminal and Post–Conviction Relief Cases*, Order No. 218, 30 Pa.

Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).  To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

As is apparent from the § 2254 petition and the dockets in Browning's state court matters, his sentence is not yet final as he actively pursuing a direct appeal. *See* 28 U.S.C. § 2244 (d)(1)(A) (Petitioner's conviction becomes final "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.")  Moreover, at the conclusion of his direct appeal, Petitioner will also have available state court remedies under Pennsylvania's Post-Conviction Relief Act.  Additionally, it is noted that Petitioner's one-year statute of limitations to file a federal habeas petition has not commenced, and as such, the court will dismiss rather than stay his present petition.  *See Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) ("when an outright dismissal could jeopardize the timeliness of a collateral attack," a stay is an appropriate course of action).

Accordingly, the court will dismiss the petition without prejudice to Petitioner's right to file a new § 2254 petition at the conclusion of his state court proceedings should he elect to do so.  *See Lines*, 208 F.3d at 159–60 (affirming

district court's dismissal without prejudice of application for habeas relief of completely unexhausted claim to give petitioner opportunity to present claims to state court).

## DENIAL OF CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), a convicted state inmate may not appeal a final order in habeas proceedings unless the judge or a circuit justice issues a certificate of appealability ("COA").  A court should only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the case at bar, jurists of reason would not find the procedural

disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

## CONCLUSION

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus without prejudice to Petitioner's right to file a new § 2254 petition at the conclusion of his state court proceedings should he elect to do so.  The court will not issue a COA.  An appropriate order will issue.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge

Dated:  November 2, 2021         Middle District of Pennsylvania